IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KENNETH RAY AINSWORTH**                                    **PETITIONER**

V.                                         **CIVIL ACTION NO. 1:23cv54 HSO-LGI**

**BURL CAIN, MDOC COMMISSIONER**                             **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Kenneth Ainsworth seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss his petition as time-barred under 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996. After a review of the record and the applicable law, the undersigned recommends that the petition be dismissed with prejudice.

Acting on the tip of an un-named informant that drugs were being sold from Room 621 in the Treasure Bay Casino Hotel, police went to the hotel room to conduct a "knock and talk." Ainsworth opened the hotel room door with a blunt in his mouth. The police removed the blunt, and recovered other evidence, including six grams of cocaine that Ainsworth pitched over the balcony during the struggle to arrest him. Ainsworth was convicted in 2016 of possession of a controlled substance with intent to distribute. He was sentenced as a habitual offender to serve twenty years in the custody of the Mississippi Department of Corrections without the possibility of parole. The Mississippi Court of Appeals affirmed the conviction and sentence on appeal. *Ainsworth v. State*, 236 So. 3d 820, 822 (Miss. 2018), *reh'g denied*, Nov. 14, 2017, *cert. denied*, Feb. 22,

2018).  After denying Ainsworth's untimely pro se motion for an extension of time, the Mississippi Supreme Court denied the certiorari petition, filed by his counsel, on February 22, 2018.  Ainsworth did not seek further review in the United States Supreme Court.  He initiated state post-conviction proceedings in September 2019.  The Mississippi Supreme Court denied post-conviction relief in December 2019.  A signed copy of the instant petition for federal habeas corpus relief was filed in this Court on March 10, 2023.[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987, 209 L. Ed. 2d 488 (2021)). "Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* Among them is the one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Ainsworth first submitted an unsigned petition on February 28, 2023, and was ordered by the Court to correct the deficiency on March 3, 2023.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Madden v. Thaler*, 521 F. App'x 316 (5th Cir. 2013). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Applying these standards here, Ainsworth's conviction became final on May 23, 2018, 90 days after the Mississippi Supreme Court denied his petition for certiorari review. Because the time during which he could have sought further review is added to the date his direct appeal ended, he is credited with the 90-day period permitted for

3

seeking a writ of certiorari in the United States Supreme Court. *See* Rule 13(1) of the United States Supreme Court Rules; *Wallace v. Mississippi*, 43 F.4th 482, 497 (5th Cir. 2022) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)) (statute of limitations begins to run when time for seeking further direct review expires)). Thus, to toll the statute of limitations, Ainsworth was required to move for post-conviction collateral relief in state court on or before May 23, 2019. But he didn't. He did not initiate state post-conviction proceedings until September 2019. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (petitioner cannot revive an expired limitations period by filing a late state petition). Without equitable or statutory tolling, the instant petition filed nearly three years after his conviction became final, is untimely.

Despite being granted leave to file an out-of-time response, Ainsworth has not responded to the motion to dismiss. In his petition, however, he asserts the Covid-19 Pandemic prevented him from timely filing. He maintains that everything was at a "stand still" because "staff was not showing up for work," so he "could not properly research and prepare. . . ." But this argument is unavailing. To invoke equitable tolling, a petitioner "must demonstrate a causal relationship between the extraordinary circumstance and his delay, a showing that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Smith v. Vannoy*, 848 F. App'x 624, 628 (5th Cir. 2021), *cert. denied sub nom. Smith v. Hooper*, 142 S. Ct. 1130, 212 L. Ed. 2d 19 (2022) (internal quotations and citation omitted).

Ainsworth cannot rely on the pandemic to make this showing here. Mississippi's first COVID-19 case was detected on March 11, 2020, nearly a year *after* Ainsworth's AEDPA deadline had passed. Mississippi Dep't. of Health, Mississippi Reports First Positive Case of Coronavirus (Mar. 11, 2020), https://msdh.ms.gov/msdhsite/_static/23,21819,341.html. It is Ainsworth's failure to act diligently *before* the pandemic that precludes federal review. *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) ("What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall."). *See also Turner v. Mississippi*, No. 321CV00235MPMJMV, 2022 WL 125028, at *3 (N.D. Miss. Jan. 12, 2022) (petitioner failed to show how pandemic prevented him from timely filing his federal habeas petition); *Blake v. Cain*, No. 4:20-CV-103-DMB-RP, 2021 WL 4979014, at *2 (N.D. Miss. Oct. 26, 2021) ("Because the deadline for filing his federal habeas petition began to run and expired *before* the pandemic substantially impacted this country, it does not serve to equitably toll the limitations period for his habeas claims."); *Young v. Mississippi*, No. 3:20-CV-736 TSL-RPM, 2021 WL 4190646, at *5 (S.D. Miss., 2021) ("the mere existence of the COVID-19 pandemic does not, without more, constitute an 'extraordinary circumstance'"), *report and recommendation adopted sub nom. Young v. Mississippi*, No. 3:20-CV-736 TSL-RPM, 2021 WL 4189634 (S.D. Miss. Sept. 14, 2021).

Moreover, the Fifth Circuit has repeatedly held that the inability to obtain research materials, ignorance of the law, or proceeding *pro se* are not rare and exceptional circumstances that warrant tolling of the AEDPA limitations period as these are typical of

5

those bringing a 28 U.S.C. § 2254 claim.  *See Scott*, 227 F.3d at 263 & n. 3 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).   The record reflects that Ainsworth filed several pleadings in state court both in this case and in other criminal cases during the relevant period.  That he managed to do so undermines his claim that the Covid-19 Pandemic or a lack of legal access, impeded his ability to timely file the instant petition.

Still, to try to overcome the statute of limitations, Ainsworth asserts that he is actually innocent because the State failed to prove beyond a reasonable doubt that he intended to sell the drugs in his possession.  Actual innocence itself is not a free-standing ground for habeas corpus relief, however.  *Floyd v. Vannoy*, 894 F.3d 143, 155–58 (5th Cir. 2018); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014).  Actual innocence claims provide only "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  *Herrera v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993).  To overcome the expiration of the AEDPA statute of limitations by showing actual innocence, a petitioner must: (1) present "new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial"; and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *House v. Bell*, 547 U.S. 518, 537 (2006), *citing Schlup v. Delo,* 513 U.S. 298, 329 (1995).

Ainsworth has not met this high burden here.  Apart from asserting that the State failed to prove that he intended to sell the drugs that he tossed over the hotel balcony, he

has not presented any new, reliable evidence showing that no reasonable juror would have convicted him. *Reed*, 739 F.3d at 767. Rather, he re-urges the same arguments made on direct appeal challenging the evidence against him, the trial court's instructions, and the jury's verdict, none of which is enough to establish a credible gateway claim to overcome AEDPA's one-year period of limitation.

Ainsworth has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims or that extraordinary circumstances existed to prevent him from timely filing his petition. None of AEDPA's other statutory exceptions apply here, and none of his remaining arguments are relevant or warrant tolling of the statute of limitations.[2] With no evidence warranting additional tolling, his habeas petition is barred by the statute of limitations and should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection,

---

[2] To the extent that Ainsworth contends that he has received an "illegal sentence," courts in this district have long held that there is no such exception to AEDPA's limitations period. *See, e.g.*, *Nash v. Cain*, No. 3:22CV180 KHJ-LGI, 2022 WL 17484275, at *2 (S.D. Miss. Sept. 30, 2022), *report and recommendation adopted,* No. 3:22-CV-180-KHJ-LGI, 2022 WL 17252202 (S.D. Miss. Nov. 28, 2022); *Mitchum v. Hall*, No. 3:18CV572-DPJ-RHW, 2019 WL 41483849, at *4 (S.D. Miss. June 5, 2019), *report and recommendation adopted*, No. 3:18-CV-572-DPJ-RHW, 2019 WL 4145231; *Venezia v. Hall*, No. 2:19CV19-KS-MTP, 2019 WL 4072402, at *3 (S.D. Miss. June 5, 2019), *report and recommendation adopted*, No. 2:19-CV-19-KS-MTP, 2019 WL 4060347 (S.D. Miss. Aug. 28, 2019).

the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on January 30, 2024.

s/ LaKeysha Greer Isaac<br>
UNITED STATES MAGISTRATE JUDGE