IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KENNETH RAY AINSWORTH** | § | **PETITIONER** |
| | § | |
| **v.** | § | **1:23-cv-54-HSO-LGI** |
| | § | |
| **BURL CAIN** | § | **RESPONDENT** |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [12] AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [4]

This matter comes before the Court on the Report and Recommendation [12] of United States Magistrate Judge LaKeysha Greer Isaac, entered in this case on January 30, 2024, recommending that Petitioner Kenneth Ray Ainsworth's Petition for Writ of Habeas Corpus [4] be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d).  Petitioner Kenneth Ray Ainsworth ("Petitioner" or "Ainsworth") filed an Objection [14] to the Report and Recommendation [12] on February 23, 2024, following a Text-Only Order extending his time to object entered on February 12, 2024.  After due consideration of the Magistrate Judge's Report and Recommendation [12], the Objection [14], the record, and relevant legal authority, the Court finds that the Report and Recommendation [12] should be adopted and that Petitioner's Petition for Writ of Habeas Corpus [4] should be dismissed with prejudice.

I. DISCUSSION

In May 2016, a jury in the Circuit Court of Harrison County, Mississippi, Second Judicial District, convicted Petitioner of Possession of Controlled Substance with Intent. Doc. [8-1] at 1. He was sentenced to twenty years in prison as a habitual offender under Mississippi Code Annotated section 99-19-81. *See id.* at 2.

Petitioner unsuccessfully appealed his conviction. *Ainsworth v. State*, 236 So.3d 820, 822 (Miss. Ct. App. 2017). The Mississippi Supreme Court denied Petitioner's counseled petition for writ of certiorari in an order entered on February 22, 2018.[1] Ex. [8-4]. Petitioner's time to seek review in the United States Supreme Court expired ninety days after the entry of that order, on May 23, 2018. *See* Supreme Court Rule 13(1).

Starting on May 23, 2018, Petitioner had one year to file a petition for writ of habeas corpus in federal court. Under 28 U.S.C. § 2244(d)(1)(A),

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

"[T]he date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" is the date on which the time for filing a petition for writ of certiorari in the Supreme Court expires under Rule 13(1). *Wallace v. Mississippi*, 43 F.4th 482, 497 (5th Cir. 2022).

---

[1] The Mississippi Supreme Court had also denied a pro se motion for an enlargement of time to file a separate pro se petition for writ of certiorari on January 3, 2018. Ex. [8-3].

Petitioner did not file a federal habeas petition within one year of May 23, 2018.  He instead filed a petition for state collateral review of his conviction on September 6, 2019.  Mot. [8] at 3 (citing SCR, Cause No. 2019-M-01395, Case Folder at 4–41).  While proceeding with such a state-court petition ordinarily tolls the one-year period for filing a habeas petition in federal court, *see* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."), Petitioner's time for filing in federal court had already expired by the time he filed in state court in September 2019.

To avoid the statutory of limitations bar, Petitioner argues that he should be entitled to equitable tolling.  A federal habeas "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted).  The petitioner "must demonstrate a causal relationship between the extraordinary circumstance and his delay, a showing that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Smith v. Vannoy*, 848 F. App'x 624, 628 (5th Cir. 2021), *cert. denied sub nom. Smith v. Hooper*, 142 S. Ct. 1130 (2022) (internal quotation marks and citation omitted).

Petitioner asserts he has been pursuing his rights diligently, and that extraordinary circumstances prevented him from timely filing. Obj. [14] at 5. He claims COVID-19 caused delays in prison services that prevented him from properly researching, preparing, and filing his petition. To that end, he asserts COVID-19 began to affect the state prison system in 2019. *See* Obj. [14] at 8. But he offers no evidence to refute the Mississippi State Department of Health's report that "the first COVID-19 case was [] detected in Mississippi on March 11, 2020." *Young v. Mississippi*, No. 3:20CV736-TSL-RPM, 2021 WL 4190646, at *4 (S.D. Miss. Aug. 6, 2021), *report and recommendation adopted sub nom. Young v. Mississippi*, No. 3:20CV736TSL-RPM, 2021 WL 4189634 (S.D. Miss. Sept. 14, 2021) (citation omitted).

Petitioner also argues that Mississippi generally provides inadequate resources for state prisoners to file petitions for writs of habeas corpus, and that the process for obtaining legal research materials moves too slowly. Obj. [14] at 7. But "an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling." *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000) (quoting *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000)). Nor does Petitioner point to a specific item that he needed but could not obtain such that he was unable to timely file his petition. *See Smith*, 848 F. App'x at 628 (discussing how the petitioner must "demonstrate a causal relationship between the extraordinary circumstance and his delay").

4

Petitioner also claims he can avoid the statute of limitations because he was actually innocent under the miscarriage-of-justice exception to § 2244(d)(1).  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" in the case of an "expiration of the statute of limitations").  To successfully invoke the miscarriage-of-justice exception, the petitioner "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *House v. Bell*, 547 U.S. 518, 536–37 (2006) (internal quotation marks and citation omitted).  Petitioner does not assert any new evidence showing his innocence, and instead merely argues that the State presented insufficient evidence at his trial.  *See* Obj. [14] at 9.  Petitioner therefore cannot overcome the statute of limitations under an actual innocence theory.

For the foregoing reasons, the Court, having conducted a de novo review of the portions of the Report and Recommendation [12] to which Petitioner objected, will adopt the Report and Recommendation [12] in its entirety as the finding of this Court, and dismiss Ainsworth's Petition for Writ of Habeas Corpus [4].  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## II. CONCLUSION

The Court will adopt the Magistrate Judge's Report and Recommendation [12] as the opinion of this Court and dismiss the Petition for Writ of Habeas Corpus [4] with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Kenneth Ray Ainsworth's Objection [14] to the Report and Recommendation [12] is **OVERRULED**, and the Report and Recommendation [12] of United States Magistrate Judge LaKeysha Greer Isaac, entered in this case on January 30, 2024, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Kenneth Ray Ainsworth's Petition for Writ of Habeas Corpus [4] is **DISMISSED WITH PREJUDICE**.   The Court will issue a separate Final Judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 28th day of February, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE